# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1554V

| | |
|---|---|
| DARCY WEIDNER,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 8, 2024 |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 7, 2021, Darcy Weidner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on October 4, 2019. Petition at 1, ECF No. 1. On October 13, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and expedited Motions Day argument by the parties. ECF No. 35.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $55,306.32 (representing $51,021.00 for fees and $4,285.32 for costs). Petitioner's First Application for Fees and Costs, filed Nov. 14, 2023, ECF No. 39. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at 60.

Respondent reacted to the motion on November 17, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 40. Petitioner did not file a reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 39 at 2-3. Regarding the number of hours billed, however, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Oct. 17, 2022, ECF No. 26 (reporting an impasse in damages discussions); Petitioner's Motion on Damages, filed Dec. 19, 2022, ECF No. 28; Petitioner's Reply Brief on Damages, filed Mar. 1, 2023, ECF No. 30; Hearing Minute Entry, dated Oct. 10, 2023 (regarding the Oct. 6, 2023 hearing). Petitioner's counsel expended approximately 19.9 hours drafting the damages brief and 13 hours drafting the reply brief, totaling 32.9[3] hours. ECF No. 39 at 23-25. In addition, drafting of the damages briefs involved the work of three attorneys, two of whom bill between $400 to $425 per hour, and thus suggesting some degree of unnecessary overlap/inefficiency compounding the excessive cost associated with this task. *Id.*

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 14.0 hours – and I am therefore awarding fees associated with that task in full.[4] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations or preparing for or participating in the Expedited Motions Day hearing, which is also being awarded in full. *See,* e.g., ECF No. 39 at 23 (12/9/22 entry).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[5] in which attorneys have accomplished this task in about half

---

[3] This total is calculated as follows: 23.6 hours billed on 12/8//22, 12/9/22. 12/12/22 (two entries), 12/13/22, and 12/14/22 by Adam Green and on 12/20/22, 12/21/22, and 3/1/23 by Dave Carney at a rate of $425; 2.1 hours billed on 12/15/22 and 12/19/22. by Dave Carney at a rate of $400; and 7.2 hours billed on 2/22/23 and 2/24/22 by Evan Baker at a rate of $165.

[4] This time was billed by Evan Baker, using an hourly rate of $165 and Dave Carney, using an hourly rate of $400, and results in $2,787.00 in attorney's fees. ECF No. 39 at 21.

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

the time.[6] *See,* e.g., *Staffaroni v. Sec'y of Health & Hum. Servs.*, No. 21-1951V (Nov. 2, 2023) (19.2 and 5.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Granville v. Sec'y of Health & Hum. Servs.*, No. 21-2098V (Oct. 25, 2023) (16.4 and 6.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Schenck v. Sec'y of Health & Hum. Servs.*, No. 21-1768V (Oct. 20, 2023) (8.0 and 3.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Weil v. Sec'y of Health & Hum. Servs.*, No. 21-0831V (Oct. 20, 2023) (14.5 and 1.5 hours billed for drafting a damages brief and reviewing Respondent's responsive damages brief, respectively); *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21, 2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-0146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to the damages briefing. The only area of dispute involved the appropriate amount of compensation for Petitioner's past pain and suffering. *See Weidner v. Sec'y of Health & Hum. Servs.,* No. 21-1554V, 2023 WL 8110729 (Fed. Cl. Spec. Mstr. Oct. 13, 2023). However, the parties' views differed by $77,500.00 - Petitioner sought $175,000.00, and Respondent countered with $97,500.00; and the amount I ultimately awarded was close to that proposed by Petitioner – supporting the *need* for damages briefing. *Id.* Thus, although I still find the amount of time expended to be excessive, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *McKenna v. Sec'y of Health & Hum. Servs.,* No. 21-0030V, 2023 WL 8185569 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

Of course, having prevailed in this case, a fees award is generally appropriate. *See Weidner*, 2023 WL 8110729, at *7. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 32.9 hours, or $12,058.00)** by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling

---

[6] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited February 7, 2024).

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017);

evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,411.60.[8]**

## ATTORNEY COSTS

Petitioner requests $4,285.32 in overall costs. ECF No. 39 at 29-58. She has provided receipts, and Respondent offered no specific objection to the rates or amounts sought. *Id.*

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$52,894.72 (representing $48,609.40 for fees and $4,285.32 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, David J. Carney.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

*Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: 23.6 hrs. x $425 + 2.1 hrs. x $400 + 7.2 hrs. x $165 = $12,058.00.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.